UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEOVANI DAVILA, ) ) ) Petitioner, ) ) v. ) ) WARDEN BONCHER, ) ) Respondent. ) ) | Civil Action No. 22-cv-10572-DJC |

## ORDER

**CASPER, J.**                                                                   February 21, 2023

Petitioner Giovani Davila, a prisoner at FMC Devens who is proceeding *pro se*, has filed a petition under 28 U.S.C. § 2241 ("§ 2241"), D. 1, in which he challenges his sentence for conspiracy to distribute and to possess with intent to distribute heroin, with death resulting. See United States v. Davila, Crim. No. 01-00018 (M.D. Pa.). Davila raises three grounds for relief: (1) his criminal history points were incorrectly calculated and, based on new Third Circuit law, he should not have been designated as a career criminal (Ground I); (2) the grand jury improperly indicted him because it failed to develop the identity of the defendant (Ground II); and (3) counsel was ineffective for advising him to accept a plea agreement (Ground III). D. 1 at 6-7.

The petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). For the reasons set forth below, the Court will DENY the petition.

A person who is in custody under a federal sentence must generally rely upon 28 U.S.C. § 2255 ("§ 2255") to challenge his federal sentence collaterally. Section § 2255 provides that a

1

prisoner who claims that his federal sentence "was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 motions are subject to certain procedural restrictions. For one example, a motion under § 2255 must be filed within a year of the latest of several events, including the date the judgment of conviction becomes final; the date on which "the impediment" to making such motion created by unconstitutional or illegal governmental conduct is removed if the movant was prevented from making such motion by such conduct; the date on which a right relied on by the litigant was initially recognized by the Supreme Court; or the date facts supporting the litigant's claim could have been discovered through the exercise of due diligence. Id. § 2255(f). For another example, a federal prisoner seeking to file a second or successive § 2255 motion must first obtain authorization from the court of appeals to do so. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Such authorization is available only when the second or successive § 2255 motion is based either on (1) newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court. See 28 U.S.C. § 2255(h). A prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241." United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999).

A prisoner cannot challenge the legality of his federal conviction through a § 2241 habeas petition unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) (stating that, "[i]f a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute").

"[P]ost-conviction relief can be termed 'inadequate or ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant <u>any</u> opportunity for judicial rectification,'" <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (quoting <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)), or to "result in a 'complete miscarriage of justice,'" <u>id.</u> (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)). "The Supreme Court has defined the term 'miscarriage of justice' as encompassing only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" <u>Id.</u>  (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991)). "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." <u>Barrett</u>, 178 F.3d at 48 (alteration in original) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998)).

Here, a motion under § 2255 not ineffective or inadequate to challenge Davila's sentence. Davila represents that he already filed a § 2255 motion with the sentencing court, which was dismissed on December 5, 2005. He represents that the issues he raised in the motion were:

> Plea was entered and accepted in violation of my 5th Amendment right to due process, 6th Amendment right to have all charges alleged in the indictment; the right not to exceed the statutory maximum charge, 6th Amendment right to effective assistance of counsel, due process was violated by admitting evidence of forensic autopsy from non-expert, the sentencing guidelines used are unconstitutional.

D. 1 at 4. Thus, two out of the three arguments he raises in the present § 2241 are identical to those already raised in a § 2255 motion. Notwithstanding, Davila argues that a remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because "the Court of Appeals stated [his] pleadings were filed untimely as, such, the district court was correct in denying that motion, although a Certificate of Appealability to appeal should have been issued because of

3

that the Court affirmed the district court's denial." D. 1 at 5.[1]  That Davila was not successful in his § 2255 petition does not mean that a § 2255 motion is an ineffective or inadequate vehicle by which to challenge the legality of his detention.  See Barrett, 178 F.3d at 50.

Further, Davila's claim that, under new Third Circuit law, he would not be a career offender, does not qualify him for relief under § 2241.  Davila asserts that, under the conclusion in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021), that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines," id. at 472, "[his] instant offense should not count in U.S.S.G. because it's 'inchoate.'" D. 1 at 6.  Davila further claims that "[his] prior judge convictions were overcounted in the 'PSR' and also up on review of the 'PSR' the Court will find [he] never served more than a year in jail.  In the U.S.S.G. inchoate offenses are not counted for enhancement purposes 4B1.2."  Id. at 7.  Even assuming that Nasir applies retroactively to cases on collateral review,[2] Davila's claim does not meet the bar for "actual innocence" which would allow the Court to consider the merits of his petition to avoid a "fundamental miscarriage of justice."  Trenkler, 536 F.3d at 99.  Davila's argument that the enhancement on his sentence is unjust "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview."  McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011).  In the absence of evidence indicating Davila's factual innocence as to the predicate offenses, see Goldman v. Winn, 565 F. Supp. 2d 200, 204,

---

[1] According to the electronic docket of the Third Circuit, on June 29, 2006, the Third Circuit denied the request for a certificate of appealability, stated that the notice of appeal was timely filed, but found that "[j]urists of reason would not debate the correctness of the District Court's decision to deny Appellant's motion filed under 28 U.S.C Section 2255, and found that Davila failed "to make a substantial showing of the denial of a constitutional right."  United States v. Davila, Case No. 06-1581 (3rd Cir. June 29, 2006).

[2] Subsequent Third Circuit case law suggests that it does not.  See, e.g., United States v. Walker, No. 22-2505, 2022 WL 17984870, at *2 (3d Cir. Dec. 29, 2022) (per curiam).

224 (D. Mass. 2008), or the crime of conviction in this case, the actual innocence exception does not apply.  See Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007).

### III.    Conclusion

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and DISMISSES this action.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge